IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF UTAH

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Janice M. Turner | ) | Bankruptcy Case No. 05C-40473 |
| | ) | |
| Debtor, | ) | Chapter 7 |
| | ) | |
| Stephen W. Rupp, Trustee | ) | |
| | ) | Adversary No. 06-02349 |
| Plaintiff | ) | |
| -vs- | ) | |
| | ) | FINDINGS OF FACT |
| | ) | AND CONCLUSIONS OF LAW |
| Brent P. Turner | ) | |
| | ) | |
| Defendant | ) | |

The trial in this adversary proceeding came before the court on the tenth day of September, 2007 at 10:00 a.m.. Stephen W. Rupp, Trustee and plaintiff (the "Plaintiff") in the matter was represented by Jamie L. Nopper of McKay Burton & Thurman. The Defendant, Brent P. Turner was represented by M. Darin Hammond of Smith Knowles, P.C..

1

The following are the Court's Findings of Fact and Conclusions of Law:

## JURISDICTION

This Court has jurisdiction over this controversy which involves a dispute that is "Core" to this bankruptcy proceeding under 28 U.S.C. § 157(b)(2)(E), (H) & (O) and 28 U.S.C. § 1334.

## FINDINGS OF FACT

1. Janice M. Turner (the "Debtor") filed a voluntary petition for relief under the Bankruptcy Code on October 15, 2005.

2. Plaintiff is the duly appointed Chapter 7 Trustee of this bankruptcy proceeding.

3. Brent P. Turner is the son of the Debtor.

4. On June 4, 2003, the Debtor executed a quit-claim deed (the "2003 Quit-Claim Deed") transferring real property to Brent P. Turner. The 2003 Quit-Claim Deed was recorded on June 9, 2003.

5. The property transferred by the 2003 Quit-Claim Deed is the real property located at 431 North 75 East, North Salt Lake, Utah and further described as all of Lot 8 of Paul Subdivision (the "Property").

6. On October 14, 2003, the Debtor executed a warranty deed (the "2003 Warranty Deed") conveying the Property to Brent P. Turner (the "Transfer"). The 2003 Warranty Deed was recorded on October 17, 2003.

7. The complaint filed in this adversary seeks to avoid the Transfer that occurred when Debtor executed the 2003 Warranty Deed conveying real property to Brent P. Turner in October 2003.

8. The Pretrial Order entered in this adversary proceeding on June 29, 2007 (the "Pretrial Order"), defines the "Property" which is the subject matter of this adversary proceeding to be "all of Lot 8 of the Paul Subdivision".

9. The Pretrial Order defines the "2003 Warranty Deed" as the warranty deed executed by Janice Turner on October 14, 2003 conveying the Property to Brent P. Turner.

10. The Pretrial Order defines the "Transfer" which is the subject matter of this adversary proceeding as the transfer which took place when Debtor executed the 2003 Warranty Deed conveying the Property to Brent P. Turner in October 2003.

11. The Pretrial Order defines the scope of this adversary proceeding as an action to determine if the "Transfer" is an avoidable fraudulent transfer under the Utah Fraudulent Transfer Act (U.C.A. § 25-6-6).

12. This adversary proceeding does not seek to avoid the 2003 Quit-Claim Deed

13. The 2003 Quit-Claim Deed transferred all of the Debtor's interest in the Property to Brent P. Turner in June 2003.

14. Because the 2003 Quit-Claim Deed transferred all of Debtor's interest in the Property to Brent P. Turner in June 2003, Debtor held no interest in the Property in October 2003.

15. Because Debtor held no interest in the Property in October 2003, the 2003 Warranty Deed did not effectuate a transfer of the Property.

## CONCLUSIONS OF LAW

1. The 2003 Quit-Claim Deed transferred all of the Debtor's interest in the Property to Brent P. Turner in June 2003.

2. The Debtor ceased to own an interest in the Property in June 2003.

3. Neither the Plaintiff's complaint nor the Pretrial Order put the transfer that took place in June 2003 as a result of the 2003 Quit-Claim Deed into controversy in this adversary proceeding.

4. There is no evidence that the Debtor transferred the Property to Brent P. Turner in June 2003 without receiving a reasonable equivalent value in exchange for the transfer.

5. There is no evidence that Debtor was insolvent in June 2003.

6. Plaintiff has not alleged and Plaintiff has not shown that the transfer that took place in June 2003 as a result of the 2003 Quit-Claim Deed was an avoidable fraudulent transfer under the Utah Fraudulent Transfer Act (U.C.A. § 26-6-6).

7. The Debtor held no interest in the Property in October 2003.

8. Because Debtor held no interest in the Property in October 2003, the Property was not transferred in October 2003 as a result of the 2003 Warranty Deed.

9. The Pretrial Order limits the scope of this adversary proceeding to avoiding the "Transfer" conveying the "Property" by the "2003 Warranty Deed" which was executed on October 14, 2003 and recorded on October 17, 2003.

10. It is the Plaintiff's burden to prove the elements defined under the Utah Fraudulent Transfer Act (U.C.A. § 26-6-6) by a preponderance of the evidence.

11. A necessary element of Utah Code Annotated § 26-6-6 is that Plaintiff show that the Debtor made a "transfer" during the time period in controversy.

12. A necessary element of Utah Code Annotated § 26-6-6 is that Plaintiff show that Debtor made a transfer without receiving a reasonable equivalent value in exchange. Because Debtor did not own an interest in the Property at the time the 2003 Warranty Deed was executed, Debtor gave no value as a result of the 2003 Warranty Deed.

13. Plaintiff has not met his burden of proof to show that a transfer took place in October 2003.

14. Plaintiff has not met his burden of proof to show that Debtor transferred the Property in October 2003 without receiving a reasonable equivalent value in exchange.

End of Document